UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DONALD A. BREGIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:06-CV-00023 |
| ) | |
| LIQUIDEBT SYSTEMS, INC., and ) | |
| SIRVA, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER DENYING APPROVAL
## OF STIPULATED PROTECTIVE ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 24.)  As the proposed order is overly broad, it will be DENIED.

Federal Rule of Civil Procedure 26(c)(7) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id*.; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

Here, the definition of "Business Documents" in the proposed order is impermissibly broad.  It seeks to protect "documents containing non-public information regarding Defendants' finances, financial reporting, customers, debt collection efforts, and internal business decisions."

(Stipulated Protective Order ¶ 5(B).)  In light of the definition's incorporation of the terms "customers" and "internal business decisions," it is difficult to imagine documents that would fall outside the scope of this overly-inclusive definition.[1] *See generally Alexander Hous. LLC v. Int'l Bhd. of Elec. Workers*, No. 04 C 1650, 2004 WL 1718654, at *2 (N.D. Ill. July 29, 2004) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.").

Moreover, the proposed order, which extends beyond the discovery phase of the proceedings, seeks to protect documents "containing" confidential information, (*see* Stipulated Protective Order ¶ 5(B)), rather than solely protecting the actual confidential material. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).  The method of redaction in the proposed order fails to cure this problem because it allows a party to redact "those portions of materials that . . . fall within the specific, demarcated categories of materials." (Stipulated Protective Order ¶ 8.)  Since documents that *contain* "Confidential Material" fall entirely within the category of "Business Documents," the parties are in essence permitted to withhold entire documents, making redaction unnecessary.

Furthermore, the proposed order, which is not limited to solely the discovery phase of the

---

[1] Also, the proposed order defines the term "Non-Public," yet incorporates the lower case version of the term in the definition of "Business Documents." (*See* Stipulated Protective Order ¶¶ 4(C), 5(B).)  This is likely a simple scrivener's error, but nonetheless compounds the vagueness of the proposed order.

proceedings, makes no effort to specify why the purported "Business Documents" are confidential, instead vaguely contending that "[t]he public dissemination of Business Documents could cause harm to SIRVA and LSI employees and/or to SIRVA customers." (Stipulated Protective Order ¶ 5(B).)  "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

"Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Id.* at 2.  Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties (Docket # 24).

SO ORDERED.

Enter for this 6th day of October, 2006.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge