UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DONALD A. BREGIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 1:06-CV-23-TS |
| LIQUIDEBT SYSTEMS, INC., and SIRVA, INC., | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Final judgment was entered in this cause on January 14, 2008. Any notice of appeal was due on or before February 13, 2008. The Plaintiff, Donald A. Bregin, filed his notice of appeal on February 14, 2008.

Having filed his notice of appeal one day past the thirty-day deadline, the Plaintiff asks this Court for a retroactive extension of time. Upon a showing of "excusable neglect or good cause," Federal Rule of Appellate Procedure 4(a)(5) allows the district court to extend the time for filing a notice of appeal. In his motion, the Plaintiff, through his counsel, contends that his late filing was the result of excusable neglect. The motion chronicles counsel's attempts to communicate with the Plaintiff after the entry of final judgment and the Plaintiff's February 14 request that his counsel file the notice of appeal, even though he would not be the attorney on the appeal.

"The test as to what constitutes excusable neglect is an 'equitable one,' taking account of 'all relevant circumstances surrounding the party's omission.'" *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)). The Court notes that, whatever the reason for the missed deadline, the one-day

delay is not prejudicial. *See Brown*, 133 F.3d at 997 (noting that the reason for the delay is not the only factor to consider and that the standard is a balancing test). Moreover, there is no suggestion that the Plaintiff or his counsel lacked good faith in their attempts to file within the deadline. *Id.* (finding that the good faith of the appellant and his counsel was a factor that weighed in favor of permitting the tardy appeal). The Plaintiff's counsel's history with this Court is one of compliance with deadlines imposed by the Court and the rules of procedure.

As the good faith and prejudice factors weigh in favor of granting an extension, the Court will give more attention to the reason for the delay. The Court is aware of the Seventh Circuit's holding that a simple case of miscalculation of a deadline is not a sufficient reason to extend time, and that judges do not have "carte blanche" authority to allow untimely appeals. *See Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005). This case is about more than the simple miscalculation of a deadline. Here, the Plaintiff's counsel made diligent efforts to communicate with the Plaintiff about the final judgment, hiring new counsel for any appeal, and filing a notice of appeal within thirty days. It was through no fault of counsel that the Plaintiff did not receive his communication. On February 5, with eight days left before the deadline to file a notice of appeal, the Plaintiff contacted his counsel to advise that he was considering his options and believed that the deadline was February 14. The Plaintiff's counsel also believed, after checking with his staff, that February 14 was the deadline. Counsel did not hear from the Plaintiff before February 14, and then, on that date, received an email from the Plaintiff. The Plaintiff stated that he had received authorization to have his corporate in-house counsel complete the filing of the notice of appeal, but was asking trial counsel to file it for him because he had access to the federal electronic filing system. The Plaintiff indicated that he would be obtaining another

attorney for the actual appeal, but needed counsel to file the notice for him. As requested by the Plaintiff, counsel filed the notice of appeal. He then contacted the Plaintiff again to ask him to have his new counsel file an appearance.

Thus, in addition to the erroneous belief about the deadline, which was held by the Plaintiff and not corrected by his lawyer, the Plaintiff's lawyer was under the impression that the Plaintiff was still deciding whether he wanted to appeal and that he was obtaining new counsel for the appeal. Reviewing all the relevant circumstances, it is reasonable to conclude that the communications between the Plaintiff and his counsel, including the expectation that the Plaintiff would obtain new counsel or, at the very least, timely advise his trial counsel of his desires regarding appeal, contributed to counsel's neglect. Regardless of the exact deadline, it was not prudent for the Plaintiff to wait until (what he believed was) the last day to email his counsel about filing a notice of appeal. Nevertheless, his attorney received the email and filed the notice upon learning that the Plaintiff wanted to appeal. Given the lack of prejudice to the Defendants or the judicial process and the good faith of the Plaintiff and counsel in meeting the deadline, these considerations lead the Court to conclude that the motion for a one-day extension should be granted.

## CONCLUSION AND ORDER

For the foregoing reasons, the Plaintiff's Motion for Extension of Time in Which to File Notice of Appeal [DE 108] is GRANTED. The Notice of Appeal filed on February 14, 2008, is considered timely.

SO ORDERED on March 4, 2008.

                                        s/ Theresa L. Springmann
                                       THERESA L. SPRINGMANN
                                       UNITED STATES DISTRICT COURT