**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| DONALD A. BREGIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:06-CV-23-TS |
| | ) | |
| LIQUIDEBT SYSTEMS, INC., and | ) | |
| SIRVA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Final judgment was entered in this cause on January 14, 2008. Any notice of appeal was due on or before February 13, 2008. The Plaintiff, Donald A. Bregin, filed his notice of appeal on February 14, 2008. On March 4, 2008, the Court granted Bregin a retroactive extension of time to file his notice of appeal. The Defendant objects to the extension and, pursuant to Federal Rule of Civil Procedure 60(b), requests that the Court vacate its order granting the extension and hold a hearing to determine if the requisite good cause and excusable neglect has been shown.

The Defendant, Liquidebt Systems, Inc., argues that the Court should have denied the Plaintiff's request for an extension of time to file an appeal. The Defendant asserts that its motion is not intended "to, in any way, suggest that Bregin's current counsel or any of his prior counsel have violated any rule of law or professional duty owned to Bregin. Rather, in every case, it is apparent that it is Bregin who has waited until the last day possible before authorizing his counsel to act." (DE 110 at 2.) In support of its argument, the Defendant chronicles the Defendant's untimely filings, including the initiation of causes of action outside the applicable statute of limitations, and argues that the Court should not, "without a hearing, and an opportunity to examine Mr. Bregin's conduct, conclude that Mr. Bregin's latest tardy filing is

either 'excusable' or 'good cause.'" (DE 111 at 4.)

The Defendant's frustration is understandable. However, the fact remains that the Plaintiff's trial counsel continued to represent him after the Court's final judgment. The Defendant would like to divorce the Plaintiff, and his conduct, from his counsel, thereby putting sole responsibility on the Plaintiff. They cannot be disassociated in this way as it pertains to the filing of the notice of appeal. Counsel was fully aware that his client was under the impression that the deadline for filing a notice of appeal was February 14, 2008. Counsel did not correct this erroneous belief because counsel himself believed, after checking with his staff, that February 14 was the deadline. The Plaintiff contacted his counsel on the date that he (and counsel) believed was still within the filing deadline. The Plaintiff's attorney was also aware that he continued to represent the Plaintiff, having filed no motion to withdraw before this time. Thus, even if he believed that the Plaintiff was in the process of obtaining new counsel, he could not ignore that he continued to represent the Plaintiff's interests and would, most likely, be responsible for filing any notice of appeal. Counsel's difficulty in communicating with the Plaintiff and the confusion regarding the Plaintiff's efforts to obtain new counsel did not shift the blame entirely to the Plaintiff. Instead, they weighed into the Court's consideration of whether this was more than a simple case of miscalculation of a deadline, as such inattentiveness would not normally constitute excusable neglect.

Given this rationale, the Court does not believe that a hearing would warrant a different outcome. Moreover, a hearing would not alter the Court's finding that the Plaintiff and his counsel did not lack good faith in their attempts to file within the deadline. The Court has already recognized that it was not prudent for the Plaintiff to wait until (what he believed was)

the last day to email his counsel about filing a notice of appeal. Nevertheless, his attorney received the email and filed the notice upon learning that the Plaintiff wanted to appeal and both believed that this was accomplished within the filing deadline. Neither is the Court convinced that a hearing would demonstrate any prejudice to the Defendants or the judicial process imposed by the one-day extension. Therefore, while the Court appreciates the Defendant's position, the Court does not vacate its previous order granting an extension of time to file the notice of appeal, and does not grant the Defendant's request for a hearing.

## CONCLUSION AND ORDER

For the foregoing reasons, the Defendant's Rule 60(b) Motion [DE 110] is DENIED.

SO ORDERED on March 28, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT